UNITED STATES of America,
Plaintiff-Appellee,

v.

Carlos U. LOBO, Defendant-Appellant.

No. 17-50044

United States Court of Appeals,
Ninth Circuit.

Submitted January 16, 2018 *

Filed January 19, 2018

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Francis Anthony DiGiacco, Daniel Earl Zipp, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, George Manahan, Esquire, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Michael Marks, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Carlos U. Lobo appeals from the district court's judgment and challenges the 12-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lobo contends that the district court procedurally erred by failing to explain adequately why it rejected his mitigating arguments. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the district court considered Lobo's mitigating arguments, but concluded that a consecutive sentence was warranted in light of the need to sanction Lobo's breach of the district court's trust and Lobo's history and characteristics. This explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Lobo has not shown a reasonable probability that the sentence would have been different if the district court had provided further explanation. *See United*

See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.